THOMAS C. CRONIN (State Bar No. 200754)
CRONIN & CO, LTD.
120 North LaSalle, 20th Floor
Chicago, IL 60602
Telephone: (312) 500-2100
Fax Number: (312) 346-3177
Email: tcc@cronincoltd.com

Attorney for Defendant Daniel Pilkey

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURT OF MASTER SOMMELIERS, AMERICAS, a California nonprofit mutual Benefit corporation,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL PILKEY, an individual<br><br>　　　　　　　　Defendant. | Case No.: 19-cv-03620-SK<br><br>**DEFENDANT'S MOTION TO DISMISS PURSUANT TO 12(b)(2) and (3) OR IN THE ALTERNATIVE TO TRANSFER VENUE PURSUANT TO 1404(a)**<br><br>The Honorable Sallie Kim |

- 1 -

DEFENDANT'S MOTION TO DISMISS PURSUANT TO 12(b)(2) and (3)
OR, IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 1404(a)
Case No. 3:19-cv-03620-SK

Defendant, Daniel Pilkey, by his attorney Thomas C. Cronin, hereby moves pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3) to dismiss Plaintiff's Complaint for lack of personal jurisdiction and improper venue and, in the alternative, moves to transfer this matter to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a), and in support states:

### *Introduction*

This matter involves a dispute over alleged trademark infringement by the Defendant, Daniel Pilkey. This matter should be dismissed because this Court lacks personal jurisdiction over the Defendant and the venue is improper under 28 U.S.C. § 1391. Defendant is an individual who works and resides in Illinois and does not maintain sufficient minimum contacts with the State of California or this judicial district and therefore is not subject to this Court's personal jurisdiction. Alternatively, this matter should be transferred to the Northern District of Illinois pursuant to 28 U.S.C § 1404(a).

### *Motion to Dismiss Pursuant to Rule 12(b)(2) and (3)*

This action should be dismissed pursuant to Federal Rule of Civil procedure 12(b)(2) and (3) for lack of personal jurisdiction and improper venue. When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Adobe Systems Incorporated v. Blue Source Group, Inc.*, 125 F. Supp. 3d 945, 957 (N.D. Cal. 2015) citing *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir.2004). In ruling on a Rule 12(b)(3) motion, "[t]he court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Id.* at 958, citing *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir.2001).

When there is no applicable federal statute governing personal jurisdiction, as is the case here, the law of the forum state determines personal jurisdiction. *Id.* citing

- 2 -

*Schwarzenegger,* 374 F.3d at 800. California's long arm statute, which determines personal jurisdiction, is coextensive with federal due process requirements, and therefore the analysis for personal jurisdiction is the same under both state and federal law. *Id.* citing *Schwarzenegger* 374 F. 3d at 800–01; Cal. Code Civ. Pro. § 410.10. A court may exercise personal jurisdiction over a non-resident defendant only when the defendant has " 'minimum contacts' " with the forum state such that jurisdiction " 'does not offend traditional notions of fair play and substantial justice.' " *Id.* citing *Schwarzenegger,* 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). This "minimum contacts" requirement can be satisfied by establishing general jurisdiction or specific jurisdiction. *Id.* citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). It is not clear from Plaintiff's complaint if general jurisdiction or specific jurisdiction is alleged, however, as argued below, neither are present in this case.

### 1. This Court Lacks General Jurisdiction over Defendant.

Plaintiff asserts this District has jurisdiction over the Defendant because Defendant "regularly and systematically conducts business with this District." (Complaint ¶ 5). However, Plaintiff provides no factual allegations to support this allegation. Without more, it is undisputed from the affidavit of Mr. Pilkey, attached hereto as Exhibit A, that he does not conduct any business within this District. For general jurisdiction to exist over a nonresident, the Defendant must engage in "continuous and systematic general business contacts that approximate physical presence in the forum state. *Schwarzenegger* citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) and *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1087 (9th Cir.2000). However, this is an exacting standard, as it should be, because a finding of

general jurisdiction permits the defendant to be brought into court in the forum state to answer for any of its activities anywhere in the world. *Schwarzenegger* at 801 citing *Brand v. Menlove Dodge,* 796 F.2d 1070, 1073 (9th Cir.1986) (collecting cases where general jurisdiction was denied despite defendants' significant contacts with forum).

Here, the alleged facts are not sufficient to meet this "exacting standard". Defendant alleges that Defendant is employed by a winery based in this District. (Complaint ¶ 5). However, Plaintiff does not – and cannot – allege that Defendant works within this District or directs any business activity whatsoever to this District. Indeed, he does not. Defendant is an Illinois resident and works in Illinois as a Regional Sales Manager covering the Midwest territory only. (Affidavit ¶¶ 2, 3). Mr. Pilkey has never been to the State of California for business reasons. The allegation that Defendant's employer is based in this District provides no support for jurisdiction since Defendant's employer is not a party and Mr. Pilkey does not travel to California on behalf of his employer to conduct business in California.

Next, Plaintiff alleges that Defendant promotes himself on social media websites directed at residents of this District. (Complaint ¶¶ 5 and 33). While this social media may be available for viewing in California and this District, it is also available for viewing in any number of states or even worldwide. However, this connection is not enough to subject Defendant with the sufficient minimum contacts for personal jurisdiction in this District. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir.2004). Indeed, as Mr. Pilkey's affidavit attests, he does not work in California and directs no marketing material to or for use in California. (Affidavit ¶3)

Plaintiff also alleges that (1) confusion is likely to occur in this District; (2) that the certifications of other Master Sommeliers -- who are not parties to this litigation – would be "diluted"; and (3) because Defendant "knew or should have known" that his alleged conduct

- 4 -

would cause damage in this District. (Complaint ¶ 5). The Supreme Court has consistently held that the foreseeability of causing injury -- or as alleged in this case confusion or damages -- in another state is not a "sufficient benchmark" for exercising personal jurisdiction. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) citing *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S., at 295, 100 S.Ct., at 566. Consequently, these allegations, many of which are directed at persons or entities that are not parties to this litigation, are not sufficient to establish general jurisdiction.

### 2. This Court Lacks Specific Jurisdiction Over the Defendant.

Likewise, Defendant does not maintain sufficient minimum contacts with this forum to establish specific jurisdiction and for many of the same reasons argued above this case should be dismissed. As articulated by the Supreme Court, the Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." *Burger King Corp.,* 471 U.S. at 471-472 citing *International Shoe Co*. at 319. By requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," *Id.* citing *Shaffer v. Heitner,* 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (STEVENS, J., concurring in judgment), the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit," *Id.* citing *World-Wide Volkswagen Corp.,* 444 U.S. at 297.

For specific personal jurisdiction, the Ninth Circuit has adopted a three-part test that requires the plaintiff to show that: (1) the defendant purposefully directed its activities at residents of the forum or purposefully availed itself of the privilege of doing business in the forum; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion

- 5 -

of personal jurisdiction is reasonable and fair. *Schwarzenegger,* 374 F.3d at 802. It is the plaintiff's burden to plead allegations satisfying the first two prongs. *Id.* If the plaintiff does so, the burden then shifts to the defendant to show why the exercise of personal jurisdiction would not be reasonable and fair. *Id.*

### a. Purposeful Direction.

The first prong of the Ninth Circuit's three-part test for personal jurisdiction requires that the defendant either purposefully directed its activities at residents of the forum or purposefully availed itself of the privilege of doing business in the forum. *Adobe Systems* at 960. For both trademark infringement actions and copyright infringement actions, the Ninth Circuit requires a showing of purposeful direction. *Id.* citing *Nissan Motor Co. v. Nissan Computer Corp.,* 246 F.3d 675, 675 (9th Cir.2000) (applying purposeful direction analysis to trademark infringement lawsuit) (unpublished decision); To establish purposeful direction, a plaintiff must satisfy all parts of the three-part test drawn from the U.S. Supreme Court's opinion in *Calder v. Jones* : (1) the defendant must have committed an intentional act; (2) the defendant's act was expressly aimed at the forum state; and (3) the defendant knew the brunt of the harm was likely to be suffered in the forum state. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir.2002) (citing *Calder v. Jones,* 465 U.S. 783, 788–89, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)). Plaintiff is unable to satisfy all three of these requirements.

While Plaintiff would be required to satisfy all these requirements, certainly they cannot satisfy the second prong that Defendant's actions were expressly aimed at customers in this judicial district. To be satisfied, the "express aiming" inquiry requires "something more" than "a foreign act with foreseeable effects in the forum state." *Wash. Shoe Co. v. A–Z Sporting Goods, Inc.*, 704 F.3d 668, 674, 675 (9th Cir.2012) (citing *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1087 (9th Cir.2000)). For instance, the delivery or

consumption of products in the forum state that are "random", "fortuitous", of "attenuated" does not satisfy the express aiming analysis. *Mavrix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1230 (9th Cir.2011) (quoting *Burger King,* at 486).

Likewise, Plaintiff cannot satisfy the third prong. The third and final prong of the purposeful direction inquiry is whether the defendant knew the brunt of the harm is likely to be suffered in the forum. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir.2002). Plaintiff has made no such allegations in the Complaint.

### b.  Claims Arising Out of Forum Related Activities.

The second prong of the specific jurisdiction test requires that the plaintiff's claims arise out of defendant's forum-related activities. *Schwarzenegger,* 374 F.3d at 802. To determine whether the plaintiff's claims arise out of the defendant's forum-related activities, courts use a traditional "but for" causation analysis. *Bancroft,* 223 F.3d at 1088. The Ninth Circuit has recognized that, in trademark or copyright infringement actions, if the defendant's infringing conduct harms the plaintiff in the forum, this element is satisfied. *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1322 (9th Cir.1998); *see also CollegeSource, Inc. v. AcademyOne, Inc.,* 653 F.3d 1066, 1079 (9th Cir.2011) (trademark infringement claim "arises out of the actions of [defendant]" where defendant allegedly infringed plaintiff's trademark, knowing that plaintiff was located in California).

### c.  Reasonableness.

Once a plaintiff has met its burden on the first two prongs of the specific personal jurisdiction inquiry, the burden shifts to the defendant to show why the exercise of jurisdiction would not be reasonable and fair. *Schwarzenegger,* 374 F.3d at 802. In assessing the overall reasonableness and fairness of exercising personal jurisdiction, the court considers, among other things, (1) the extent of a defendant's purposeful interjection; (2) the burden on the

defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998) (citing *Burger King*, 471 U.S. at 476–77). Mr. Pilkey is an Illinois resident who does no business in California. The underlying test which forms the underlying basis for this lawsuit, did not take place in California, but instead in St. Louis Missouri. (Affidavit ¶4). Mr. Pilkey studied for years for the test in Illinois, not California. (Affidavit ¶4). It would be extremely difficult and overly burdensome to force Mr. Pilkey to litigate this case in California when there is a convenient forum in the Northern District of Illinois in which the case can be transferred. (Affidavit ¶¶5, 6). The Plaintiff on the other hand would not be inconvenienced having to litigate in the Northern District of Illinois. According to the Plaintiff's website, the Plaintiff offers courses nationwide on a continuous basis and regularly holds board meetings outside of California. In fact, the most recent board meeting occurred in New York, New York. After the coursework is complete, the tests are provided in various locations throughout the country as identified on the website. For these reasons, even if the Plaintiff meets its burden establishing specific jurisdiction, it would be unreasonable to have Defendant litigate this matter in California.

    **3.    Venue is Improper in this District.**

Venue over trademark claims is governed by the general venue statute. *Adobe Systems* at 959 citing 28 U.S.C. § 1391. *Allstar Mktg. Grp., LLC v. Your Store Online, LLC,* 666 F.Supp.2d 1109, 1128 (C.D.Cal.2009). The general venue statute provides in relevant part that venue is proper in, *inter alia,* "any judicial district in which any defendant is subject to

- 8 -

the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). In short, "[t]he court uses basically the same procedure to decide a motion to dismiss for improper venue as it does for deciding a motion to dismiss for lack of personal jurisdiction." *Id.* citing *Goldberg v. Cameron,* 482 F.Supp.2d 1136, 1143 (N.D.Cal.2007).

The question of whether venue is "wrong" or "improper" is governed by 28 U.S.C. § 1391. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 134 S.Ct. 568, 577, 187 L.Ed.2d 487 (2013).

When venue is challenged on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3), "the court must determine whether the case falls within one of the three categories" in § 1391(b). Section 1391(b) states:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

If the case does not fall into one of these categories, venue is improper and "the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Const. Co.*, 134 S.Ct. at 577. Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue. Once the defendant has challenged the propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir.1979). When considering a

- 9 -

DEFENDANT'S MOTION TO DISMISS PURSUANT TO 12(b)(2) and (3)
OR, IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 1404(a)
Case No. 3:19-cv-03620-SK

motion to dismiss for improper venue, a court may consider facts outside of the pleadings. *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir.2004). Pursuant to 28 U.S.C. § 1406(a), if the court determines that venue is improper, the court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought. Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir.1992).

Even accepting the allegations of the Complaint as true for purposes of this motion, Plaintiff cannot justify proper venue in this forum. Plaintiff cannot even specifically allege that "a substantial part of the events or omissions giving rise to the claim occurred" as required by 28 U.S.C. 1391(b)(2) occurred within this District. Indeed, it is undisputed from the affidavit of Mr. Pilkey that he has limited, if any, connection with California or this District. Therefore, for all the reasons stated above, the Complaint should be dismissed or alternatively transferred to an appropriate forum as provided in 28 U.S.C. § 1406(a).

### *Motion to Transfer Pursuant to 1404(a)*

In the alternative, the Defendant moves to transfer this action to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As a threshold matter, the Court must determine whether this action could have properly been brought in the proposed transferee court. After this initial determination, the Court must undertake an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted).

Congress adopted this statute "to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (*quoting Continental Grain Co. v. The Barge FBL–585,* 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)).

A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. *Jones v. GNC Franchising, Inc.*, 211 F. 3d 495, 498-499 (9th Cir. 2000).  For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Id.*  We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing. *Id.* The district court must decide the issue of transfer after considering and balancing a number of case-specific factors. *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. at 29, 108 S.Ct. 2239.

For many of the same reasons argued above, this action should be transferred to the Northern District of Illinois.  Any relevant agreements, such as the Defendant signing up for, paying, and taking the courses in question occurred in Illinois.  Furthermore, the testing that is at issue occurred in Illinois.  Both the Northern District of California as well as the Northern District of Illinois are familiar with trademark infringement cases.  Although the Plaintiff selected the Northern District of California, they operate on a nationwide basis and therefore it

- 11 -

DEFENDANT'S MOTION TO DISMISS PURSUANT TO 12(b)(2) and (3)
OR, IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 1404(a)
Case No. 3:19-cv-03620-SK

would be just as convenient to litigate this case in the Northern District of Illinois. Defendant has no business contacts with the State of California, or this District. Although Plaintiff asserts that this District hosts several of the world's premier wine regions, it is undisputed that Master Sommeliers are located throughout the United States. To the extent Plaintiff claims the certifications of other Master Sommeliers are diluted, the dilution would occur throughout the United States. Both Districts would offer ways in which to compel the attendance of unwilling non-party witnesses, although the Northern District of Illinois' central location would be more convenient for those witnesses. Finally, as argued above, to compel the Defendant to travel to this District to litigate this matter would be unduly burdensome as the Defendants works and lives in Illinois.

Wherefore, Defendant, Daniel Pilkey, respectfully requests that this matter be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, transfer this matter to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).

DATED: October 7, 2019                    Respectfully submitted,

                                          **DANIEL PILKEY**,
                                          Defendant,

                                           By: /s/ Thomas C. Cronin
                                               Thomas C. Cronin

                                          Thomas Cronin (State Bar No.200754)
                                          CRONIN & CO., LTD.
                                          120 North LaSalle, 20th Floor
                                          Chicago, IL 60602
                                          Telephone: (312) 500-2100
                                          Email: tcc@cronincoltd.com

                                          Attorney for Defendant, Daniel Pilkey

- 12 -