THOMAS C. CRONIN (State Bar No. 200754)
CRONIN & CO, LTD.
120 North LaSalle, 20th Floor
Chicago, IL 60602
Telephone:  (312) 500-2100
Fax Number: (312) 346-3177
Email:  tcc@cronincoltd.com

Attorney for Defendant Daniel Pilkey

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURT OF MASTER SOMMELIERS, AMERICAS, a California nonprofit mutual Benefit corporation,<br><br>                              Plaintiff,<br><br>vs.<br><br>DANIEL PILKEY, an individual<br><br><br>                              Defendant. | Case No.: 3:19-cv-03620-SK<br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SEEK JURISDICTIONAL DISCOVERY, AND IF NECESSARY, FILE SUR-REPLY**<br><br>The Honorable Sallie Kim |

1

2      Defendant, Daniel Pilkey, by his attorney Thomas C. Cronin, hereby responds to

3  Plaintiff's Motion for Leave to Seek Jurisdictional Discovery and, if Necessary, File Sur-

   Reply as follow:

4
           ***The Motion For Leave To Conduct Jurisdictional Discovery Should Be Denied.***

5
            This matter involves a dispute over alleged trademark infringement by the Defendant,
6
7  Daniel Pilkey.  The Plaintiff is an organization which administers a certification process for

8  individuals to attain the title of Master Sommelier.  Mr. Pilkey took all the required classes

9  and in September 2018 passed the necessary test to become a Master Sommelier.  After the

10 results of the exam were announced and Mr. Pilkey became a Master Sommelier, the Plaintiff

11 invalidated the results of the test claiming that a current CMS member improperly disclosed

12 confidential information about the tasting portion of the examination.  The Plaintiff

13 invalidated the results for everyone who passed the test.  Absolutely no impropriety related to

14 the test has been alleged against Mr. Pilkey.  Since passing the test Mr. Pilkey has properly
15
16 held himself out as a Master Sommelier.

17         In response, the Plaintiff filed this claim seeking to enjoin Mr. Pilkey from using the

18 Master Sommelier designation which he rightfully earned though dedicated work over the

19 past nine years.  Mr. Pilkey filed a motion to dismiss pursuant to FRCP 12(b)(2) and (3) or in

20 the alternative to transfer venue.  In support of his motion Mr. Pilkey provided an affidavit

21 attesting to the fact that he is employed by Paul Hobbs as the Midwest Regional Sales
22
   Manager and his sales territory includes Kansas, Nebraska, Iowa, Minnesota, Wisconsin,
23
24 Illinois, South Dakota, and Missouri.  Notably, Mr. Pilkey's territory does not include

25 California.  Mr. Pilkey also attested that he has not made any sales in California nor does he

26 manage any employees in California.  In addition, Mr. Pilkey has never produced, directed, or

27 distributed any marketing materials in California or for use in California.

28
                                          2

Plaintiff now files this motion to conduct jurisdictional discovery into Mr. Pilkey's connection with California.    In support, Plaintiff attaches some social media pages which indicate that Mr. Pilkey was in California in August 2018 and again in September 2018. Attached is a supplemental verification by Mr. Pilkey detailing his trips to California. However, while it is correct that Mr. Pilkey was in California in August 2018 and September 2018, these facts are entirely consistent with Mr. Pilkey's verification filed in support of his motion to dismiss and are still not a sufficient basis for personal or subject matter jurisdiction over Mr. Pilkey.  Therefore, there is no need to allow any discovery and the motion should be denied.

Jurisdictional discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary. *Laub v. U.S. Dept. of Interior,* 342 F.3d 1080, 1093 (9th Cir.2003).    Any allegations raised by the Plaintiff is its motion or initial complaint have been addressed in Mr. Pilkey's Supplemental Affidavit attached hereto as Exhibit A.   Therefore, there are no controverted facts and Plaintiff is in a position to respond to the motion to dismiss.

Indeed, Mr. Pilkey's Supplemental Affidavit, attached as ***Exhibit A***, further demonstrates that Plaintiff cannot justify an assertion of jurisdiction nor that the Northern District of California is the proper venue.  Plaintiff cannot even specifically allege that "a substantial part of the events or omissions giving rise to the claim occurred" as required by 28 U.S.C. 1391(b)(2) occurred within this District.  It is clear from Mr. Pilkey's Affidavit and Supplemental Affidavit that he has limited, if any, connection with California or this District. Therefore, for all the reasons stated above, the motion for leave to conduct jurisdictional discovery should be denied and the complaint dismissed or, alternatively, transferred to an appropriate forum as provided in 28 U.S.C. § 1406(a).

3

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SEEK JURISDICTIONAL DISCOVERY AND, IF NECESSARY, FILE SUR-REPLY
Case No. 3:19-cv-03620-SK

Lastly, even if this Court were to allow limited jurisdictional discovery, Plaintiff has yet to identify whether it is claiming that Mr. Pilkey is subject to general jurisdiction or specific jurisdiction.  Plaintiff claims that Mr. Pilkey "regularly and systematically conducts business with California in his capacity as a wine professional." (Doc. 29, Motion at p. 2). This would imply a general jurisdiction argument.  However, a claim of general jurisdiction is an exacting standard, as it should be, because a finding of general jurisdiction permits the defendant to be brought into court in the forum state to answer for any of its activities anywhere in the world. *Brand v. Menlove Dodge,* 796 F.2d 1070, 1073 (9th Cir.1986) (collecting cases where general jurisdiction was denied despite defendants' significant contacts with forum)

This distinction is important because the Plaintiff should not be permitted to pursue a fishing expedition in the hopes of finding a basis for jurisdiction.  In addition, if the Court permits limited jurisdictional discovery, the deposition of Mr. Pilkey should be limited to one hour since the areas of inquiry would be very limited.  Finally, Mr. Pilkey has detailed his limited contact with California through his employer Paul Hobbs.  The Court should not allow Paul Hobbs to be subpoenaed.  Not only is it duplicative, but it is also a transparent attempt to harass and overly burden Mr. Pilkey's employer related to Mr. Pilkey's connections with California.

### *Conclusion*

Wherefore, Defendant, Daniel Pilkey, respectfully requests that this Court deny Plaintiff's motion for leave to conduct limited jurisdictional discovery and provide all other appropriate relief.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SEEK JURISDICTIONAL DISCOVERY AND, IF NECESSARY, FILE SUR-REPLY
Case No. 3:19-cv-03620-SK

DATED:  November 5, 2019

Respectfully submitted,

**DANIEL PILKEY**,
Defendant,


By: /s/ *Thomas C. Cronin*
        Thomas C. Cronin

Thomas Cronin (State Bar No.200754)
CRONIN & CO., LTD.
120 North LaSalle, 20th Floor
Chicago, IL 60602
Telephone: (312) 500-2100
Email: tcc@cronincoltd.com

Attorney for Defendant, Daniel Pilkey

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SEEK JURISDICTIONAL
DISCOVERY AND, IF NECESSARY, FILE SUR-REPLY
Case No. 3:19-cv-03620-SK